# **EXHIBIT B**



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the General Counsel

David C. Shonka
Acting General Counsel

August 12, 2013

Mr. David A. Zetoony
Bryan Cave LLP
1155 F Street, NW
Washington, DC 20004

Re: Freedom of Information Act ("FOIA") Appeals (FOIA-2013-00680 and FOIA-2013-00949)

Dear Mr. Zetoony:

    This letter responds to your appeal (dated July 10, 2013) of Joshua James' request dated March 27, 2013, and of your own request dated May 24, 2013, requesting documents under the Freedom of Information Act, 5 U.S.C. § 552. The first request sought 17 data fields (excluding the comment fields) for every consumer complaint in the Consumer Information System ("CIS") Database, the Do Not Call ("DNC") Database, and the Identity Theft ("IDT") Database.[1] The second request sought 44 data fields (including fields eliciting consumer comments) for every consumer complaint in the CIS, DNC, and IDT databases.

    After engaging in a number of telephone and email conversations about the scope of these requests, and clarifying that review of even the narrower first request would require more than 8,000 hours to process in order to identify and redact any material protected by FOIA Exemption 6, 5 U.S.C. § 552(b)(6), the FOIA Unit denied both requests. As set forth in letters dated June 10, 2013, and June 19, 2013, the FOIA Unit ascertained that the resources required to process the two requests at issue would impose an unreasonable burden on the agency. You have appealed the agency's denial of your requests.[2]

    FOIA Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Courts have interpreted "similar files" to include most information that "applies to a

---

[1] Although Mr. James' March 27, 2013, FOIA request seeks documents in the "Consumer Sentinel database," he clarified via e-mail to Ms. Dione Stearns on May 2, 2013, that he in fact seeks documents from these three databases.

[2] On appeal, you also request the following fields described as "identical to, or similar to, other fields that were requested": Complaint Info Law Violation Code; Complaint Info Statue Code; Consumer Address, ZIP Code; Company Address, Line 3; Company Address, State Name; Company Address, Country Name; Company Email; Company Website. Appellants' Brief at 5. However, because the scope of a FOIA request cannot be enlarged on appeal, these fields will not be disclosed as part of the FOIA requests at issue.

particular individual" and "'not just files, but also bits of personal information, such as names and addresses, the release of which would "create[] palpable threat to privacy."'" *Carter, Fullerton & Hayes LLC v. FTC*, 520 F. Supp. 2d 134, 144-45 (D.D.C. 2007) (citing *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 148 (D.C. Cir. 2006) (internal citations omitted)). Consumer names, telephone numbers, and addresses in agency records meet this criterion. *Id.* (concluding that the FTC met the threshold requirement for Exemption 6 protection of names, addresses, and phone numbers of consumers who filed complaints "[s]ince each piece of information withheld by defendants applies to specific individuals").

Once it is determined that the record in question is a personnel, medical, or similar file, the focus turns to whether disclosing the record would constitute a "clearly unwarranted invasion of personal privacy." This requires a determination that the privacy interest at issue is non de-minimis and clearly outweighs the public interest in disclosure. *See Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1228 (D.C. Cir. 2008). Any public interest in disclosing such information, however, must be related to the "core purpose" of the FOIA, "shed[ding] light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

Certain data fields that you request do not elicit, and are designed to disallow, information protected by Exemption 6. Such fields include data reflecting drop-down menus of pre-defined choices from which consumers may select, and fields where consumers can only insert numerical date information. No review of said fields is necessary prior to production. Because these fields are reasonably segregable from fields that include exempt information, I am granting your request with respect to such fields.

Other data fields that you request, however, elicit free-form consumer responses, and ask either for specific information (such as the name and address of the company that is the subject of a consumer complaint) or consumer comments. Such fields sometimes contain private information that is protected under Exemption 6. Specifically, in the process of entering data into such free-forms fields, consumers may and sometimes do enter their own private information in fields requesting company or other information (for example, entering their own name in the company field, or entering their personal phone number in the company phone number field). Consumers have a privacy interest in their personal information notwithstanding an admonition on the FTC's website against inserting personal information into the complaint fields. *See Lakin Law Firm, P.C. v. FTC*, 352 F.3d 1122, 1124-25 (7th Cir. 2003) (holding that FTC website warning stating that "information provided may be subject to release under the FOIA" does not constitute a consumer waiver of privacy interests: "The personal privacy interests of consumers did not disappear when they complained to the FTC."); *Carter, Fullerton & Hayes*, 520 F. Supp. 2d at 145 n.4 ("Consumers making complaints with the FTC have an expectation that it will protect their personal information."). We also encounter instances where consumers submit "complaints" against individuals (not businesses) against whom they may harbor ill will, intentionally entering the personal information of a relative or other individual in the company information fields. In your brief, you acknowledge that a substantial percentage of the comment fields in the more than 19,000 documents provided to Bryan Cave LLP by the FOIA Unit in response to other FOIA requests in 2013 alone include redacted, protected information. Appellants' Brief at 20.

The FOIA requires that any non-exempt "reasonably segregable portion of a record" must be released. 5 U.S.C. § 552(b). To segregate material that would implicate privacy interests from non-exempt material with respect to any fields eliciting free-form responses (including the comment fields) would require the FOIA Unit to review these fields in many millions of consumer complaints and redact any protected information.

Because of the inordinate burden on the agency imposed by such a review, the exempt material is not "reasonably segregable" from the non-exempt material in these fields. The D.C. Circuit has held that when non-exempt information is "inextricably intertwined" with exempt information, the former is not "reasonably segregable" within the meaning of FOIA. *See Mead Data Cent., Inc., v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions"). Moreover, where segregation of non-exempt from exempt material would require inordinate agency resources, the material is not "reasonably segregable." *See Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1039 (7th Cir. 1998); *see also Yeager v. DEA*, 678 F.2d 315, 322 n.16 (D.C. Cir. 1982). Other cases hold that an agency need not undertake a search for documents that would place an inordinate strain on agency resources; the same rationale applies to a redaction process that would be unreasonably burdensome on the agency. *See Schrecker v United States*, 349 F.3d 657, 664 (D.C. Cir. 2003); *Nation Magazine, Wash. Bureau v. U.S. Customs Service*, 71 F.3d 885 (D.C. Cir. 1995); *Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203 (D.C. Cir. 1990); *Strum v. United States EPA*, No. 91-35404, 1992 U.S. App. LEXIS 20338 at *3 (9th Cir. Aug. 17, 1992); *Hainey v. U.S. Dep't of the Interior*, 11-cv-1725, 2013 Dist. LEXIS 25032 at *27-29 (D.D.C. Feb. 25, 2013).

Considering the inordinate burden it would place on the FTC's resources to conduct a line-by-line review of multiple fields in millions of documents in order to redact exempt information consistent with the FOIA, the non-exempt material in the free-form fields (including the comment fields) that you seek is not reasonably segregable from material exempt from production under Exemption 6.

As set forth above, any public interest in disclosing information for which there is a privacy interest must be related to the core purpose of the FOIA, which is to "she[d] light on an agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 773. "This inquiry, moreover, should focus not on the general public interest in the subject matter of the FOIA request, but rather on the incremental value of the specific information being withheld." *Schrecker*, 349 F.3d at 661.

The "core purpose" of the FOIA would not be served by the release of the kind of consumer personal information that is contained in some of the aforementioned free-form fields. *See Lakin*, 352 F.3d at 1125 (holding that the purpose of FOIA is not served by releasing the names and addresses of individuals complaining about "cramming" to the FTC). It is also unclear how the information you seek would allow you to "monitor the effectiveness of the FTC's consumer protection program," one of your stated goals, given that consumer complaints are only one aspect of the process by which the FTC investigates unfair and deceptive conduct by companies and enforces relevant statutes. Furthermore, it is unclear how providing you with

millions of documents would permit the public to assess the FTC's priorities, or why the over 19,000 consumer complaints already provided in response to FOIA requests from Bryan Cave LLP in 2013 do not provide an adequate sample of the kinds of complaints received by the agency. If you have an interest in consumer complaints regarding a particular company or industry, such a tailored request would better serve this goal. We would be happy to work with you on narrowing your requests to a more manageable scope.

Finally, disclosing a consumer's zip code may provide personally identifying information about a consumer that implicates Exemption 6 if the consumer's zip code in combination with other identifying information (either produced in response to a FOIA request, or that is publicly available online) may be used to identify the consumer. For example, particularly for zip codes encompassing smaller populations, only one consumer in that zip code may do business with a particular company; if both the consumer's zip code and the company name are released, then the company would be able to identify the complainant. Also, review of the company zip code field would be required in order to confirm that the consumer did not mistakenly enter personal information (most likely, his or her own zip code) into that field, or intentionally enter the zip code of another individual. Though company names are not being produced in response to this request because of the inordinate burden required to review the company name fields for the millions of complaints in the requested databases, disclosure of the company name fields in future FOIA requests could be used to link a particular consumer with a particular complaint if zip code information about the consumer is released. Accordingly, we are denying your request to produce both consumer and company zip code fields, the former of which we routinely do not produce, and the latter of which would require review prior to disclosure.

I am therefore partially granting and partially denying your appeal and remanding this matter to the FOIA Unit to identify and release those data fields in the CIS, DNC, and IDT databases that do not elicit free-form responses, excluding any zip code fields. The FOIA Unit will provide an estimate of the cost of producing said fields and, consistent with 16 CFR § 4.8(h), may request payment from you prior to processing your request.

As required by the FOIA, you are hereby advised that judicial review of this decision may be obtained under 5 U.S.C. § 552(a)(4)(B), in a United States District Court in the district where you reside or have your principal place of business, or in the District of Columbia. Also, as required by the FOIA, you are hereby advised that I am the designated official responsible for partially granting and partially denying your appeal.

Sincerely,

David C. Shonka
Acting General Counsel